# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA A. KANE, | ) | CASE NO.  1:10CV1874 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Melissa Kane ("Kane" or "Plaintiff") has petitioned the Court for an award of attorney's fees (Doc. No. 24) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The Commissioner of Social Security ("Commissioner" or "Defendant") opposes the application (Doc. No. 26), and Plaintiff has filed a reply. (Doc. No. 28.).

*Background*

On June 22, 2011, a Report and Recommendation was issued recommending that the Commissioner's decision denying Plaintiff's claim for disability benefits be reversed and remanded for reconsideration of Plaintiff's residual functional capacity, and her ability to perform sustained work activity on a regular and continuous basis consistent with Social Security Ruling (SSR) 96-8p. (Doc. No. 18.) Both the Commissioner and Plaintiff filed objections to the Report. (Doc. Nos. 19 and 20, respectively.) On August 3, 2011, the Court overruled all of the objections, adopted the

Report, in part, and remanded the matter to the Commissioner for further proceedings. (Doc. No. 22.)

Plaintiff timely moved for attorney's fees in the amount of $6,526.51, representing 35.70 hours of attorney time at an hourly rate of $179.51, and 5.9 hours of time expended by a legal technician at an hourly rate of $20.00, along with $74.50 in expenses. (*See* Doc. No. 24 at 254.) Plaintiff also seeks reimbursement for filing a reply brief in the amount of $2,602.89 (14.5 hours of attorney time at an hourly rate of $179.51). (*See* Doc. No. 28 at 305.) The Commissioner challenges Plaintiff's entitlement to fees and expenses, and also contests the amount of fees and expenses sought.

*Standard of Review*

The EAJA requires the government to pay a prevailing social security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 559 (1988); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009). Plaintiff became the "prevailing party" when she obtained a reversal and remand for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

A position is substantially justified under the EAJA when it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565. A reasonable person could find the Commissioner's

2

position substantially justified if it rested on a "reasonable basis both in law and fact." *Id*. at 566 n.2; *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

"The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec*., No. 98-6284, 1999 U.S. App. LEXIS 29996, at *12 (6th Cir. Nov. 12, 1999); *see also Olive v. Comm'r of Soc. Sec*., 534 F. Supp. 2d 756, 760-01 (N.D. Ohio 2008) ("Although there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence.") However, "the position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's regulations." *Allen v. Astrue*, Case No. 5:11CV1095, 2012 U.S. Dist. LEXIS 118599, at *6 (N.D. Ohio Aug. 22, 2012) (collecting cases). The courts uniformly place the burden of demonstrating substantial justification on the government. *Hawke v. Astrue*, No. 3:07cv00108, 2009 U.S. Dist. LEXIS 131472, at *4 (S.D. Ohio Mar. 17, 2009) (collecting court of appeals cases), *adopted by* 2009 U.S. Dist. LEXIS 30001 (S.D. Ohio Apr. 8, 2009).

*Discussion*

    1.    <u>The Reasonableness of the Commissioner's Position</u>

The Commissioner argues that its litigation position, though not entirely successful, was substantially justified. With respect to the first reversible error found by this Court, the Commissioner notes that the Court merely "reversed the Commissioner's decision and remanded Plaintiff's claim for further administrative proceedings, so that the ALJ could clarify the weight he gave to the [sic] Dr. Flynn's mental functional capacity assessment in Section III of the psychologist's form." (Doc. No. 26 at 274.)[1] While conceding that the ALJ erroneously applied the worksheet contained in Section I of the mental functional capacity assessment, instead of the actual assessment contained in Section III, the Commissioner suggests that its litigation position was substantially justified because there were no glaring differences between the two sections.

As for the second reversible error, the Commissioner observes that the "Court also instructed that on remand, the ALJ would obtain further vocational expert testimony to address the vocational impact allegations that Plaintiff would have difficulty completing a normal workday and workweek." (*Id*.) Still, the Commissioner underscores the fact that it successfully defended Plaintiff's objections relating to the ALJ's refusal to give one of Plaintiff's physicians "treating physician" status, and the Magistrate Judge's treatment of Plaintiff's post-2006 earnings. According to the Commissioner, "the government's ability to prevail on several of the issues raised by Plaintiff suggests that

---

[1] All page number references in this Memorandum Opinion & Order are to the "PageID" number identified by the Court's docketing system.

4

the government's overall position was at least reasonable."[2] (*Id.* at 275.)

The Commissioner's position, at this stage of the proceedings, suffers from two fundamental deficiencies. First, Defendant forgets that, for purposes of the EAJA, the phrase "position of the United States" refers to both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based . . . ." § 2412(d)(2)(D). *See Hackett v. Barnhart,* 475 F.3d 1166, 1173-75 (10th Cir. 2007) (accepting and applying the general rule that the government's reasonable litigation position cannot cure a defect in the underlying action); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (internal quotation and citation omitted) ("EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position are not substantially justified."); *McDonald v. Sec'y of Health and Human Servs.*, 884 F.2d 1468, 1476 (1st Cir. 1989) (emphasis in original) ("In the present case we can concede that many of the government's litigating positions were reasonable and, hence, 'substantially justified.' The central question facing us, however, is whether the underlying *agency action* was reasonable.") Thus, the Court must consider not just the Commissioner's posture in this litigation, but also the ALJ's pre-litigation conduct. Second, the Commissioner mischaracterizes the Court's ruling and the reasons for the remand. It is, therefore, necessary to return to the Court's ruling reversing and remanding the ALJ's denial of benefits.

---

[2] The Court does not understand the Commissioner to be arguing that Plaintiff should be denied compensation for attorney time spent on non-successful objections. Rather, the government simply argues that the Court should consider the disposition of all of the issues in the case in determining whether the Commissioner' position was substantially justified. (Doc. No. 26 at 275.) The Court has considered the overall success of Plaintiff in determining her entitlement to fees.

In its August 3, 2011 decision, the Court found that the ALJ erred in considering the restrictions set forth in Section I of the Residual Functional Capacity Assessment form, instead of the restrictions contained in Section III. Because there were differences between the restrictions contained in each section, and because the Social Security Administration Program Operation Manual System (POMS) provides that the mental RFC assessment contained in Section III controls, the Court found that the ALJ's reliance on Section I made meaningful review of the decision impossible and required reversal. (Doc. No. 22 at 240-42 (citing POMS § DI 24510.060)). The Court also found that the ALJ erred by considering Plaintiff's capacity for part-time work in his determination in step 5 of the sequential analysis, and that the error was in direct violation of SSR 96-8p. (*Id.* at 245.) In reaching this conclusion, the Court noted that the Commissioner erroneously relied on case authority that pre-dated the promulgation of SSR 96-8p and was abrogated by it. (*Id*).

Notwithstanding the Commissioner's suggestion that the Court remanded for the mere purpose of developing the record, it is clear that the remand was necessitated by the ALJ's failure to follow social security regulations and policies. Courts have consistently refused to find the government's position to be "substantially justified" when the ALJ fails to apply the correct legal standard. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to follow clear social security regulation requiring the completion of a psychiatric review technique form); *Allen,* 2012 U.S. Dist. LEXIS 118599, at *6 (collecting cases); *Lightfoot v. Astrue*, Case No. 1:10CV1273, 2012 U.S. Dist. LEXIS 44684, at *8 (N.D. Ohio Mar. 31, 2012); *Newell v. Astrue*, Case No. 3:07CV412, 2012

U.S. Dist. LEXIS 37654, at *6 (S.D. Ohio Mar. 20, 2012), *adopted by* 2012 U.S. Dist. LEXIS 49709 (S.D. Ohio Apr. 9, 2012); *Blackburn v. Astrue*, Case No. 1:09cv943, 2012 U.S. Dist. LEXIS 23419, at *7-*8 (S.D. Ohio Feb. 24, 2012), *adopted by* 2012 U.S. Dist. LEXIS 33835 (S.D. Ohio Mar. 14, 2012). Since the Commissioner fails to set forth a "reasonable basis in law" for the ALJ's decision, the government has not met its burden of proving substantial justification for his position in this case. The Court therefore finds that the Commissioner's position in this matter was not substantially justified.

    2.    <u>The Reasonableness of the Requested Fee</u>

Having decided that Plaintiff is entitled to an award of fees under the EAJA, the Court must next determine the appropriate fee. The EAJA permits an award only of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). "[F]ees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $ 125 per hour, § 2412(d)(2)(A)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.* at 796 n.4 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).

The burden lies with the fee applicant to establish the entitlement to an award of fees, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a plaintiff seeking a higher hourly rate under the EAJA bears the burden producing appropriate evidence to support the requested increase. *Bryant*, 578 F.3d at 450. Thus, a plaintiff "must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience, and reputation.' " *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

### a. Attorney's Fees

Plaintiff requests attorney's fees at the statutory rate of $125 an hour, plus a cost of living increase consistent with the Consumer Price Index, for an adjusted rate of $179.51 an hour. In support of her request, Plaintiff has attached the resumes of attorneys Kirk Roose and Eric Schnaufer, as well as a chart showing the calculation of a rate enhanced by the CPI. (*See* Doc. Nos. 24-1, 24-4.) The Commissioner opposes any adjustment to the statutory rate, noting that the fact that counsel is experienced in the area of social security law does not, alone, justify an increase in the hourly rate awarded in routine social security litigation. *See Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995) (under the prior statutory rate of $75.00); *Chynoweth v. Sullivan*, 920 F.2d 648, 650 (10th Cir. 1990) (same). The Commissioner also challenges the rate sought on the ground that it is based on incorrect data, and that it charges 2011 rates for work performed in 2010 to justify the increase in the hourly rate.

In *Bryant*, the court found that the district court did not abuse its discretion in limiting fees to the EAJA's $125 per hour cap, explaining that the plaintiffs' reference solely to the consumer price index did not adequately support a request for an enhanced rate. 578 F.3d at 450. In the present case, in addition to the CPI, Plaintiff offers evidence demonstrating that counsel practice extensively in the area of social security law and that attorney Rose routinely charges $300 an hour for his services, and further cites to other decisions demonstrating that the rate requested is in line with rates awarded in actions in the community for similar services offered by lawyers of comparable skill and

experience.[3] The Court finds that Plaintiff has met her burden of supporting her request for an enhanced rate of $179.51.[4] *See, e.g., Grady v. Astrue*, Case No. 2:11-cv-0763, 2012 U.S. Dist. LEXIS 18423, at *9-*11 (S.D. Ohio Feb. 14, 2012) (finding the affidavit of plaintiff's attorney setting forth his normal hourly rate and discussing fees customarily charged in the locality was sufficient to satisfy an upward departure from the $125 cap).

The Commissioner also challenges the number of attorney hours sought for compensation. While the Commissioner recognizes that Plaintiff's requested compensation for 35.7 hours of attorney work "does not far exceed the bounds of reasonable," he suggests that the request "warrants 'pruning' by the court to represent a reasonable fee." (Doc. No. 26 at 279.) Plaintiff disagrees, and notes that work on similar social security cases "ranges from 30 to 40 hours." (Doc. No. 28 at 304, quoting *Grooms v. Comm'r*, Case No. 2:08-14189, 2011 U.S. Dist. LEXIS 112228, at *5 (E.D. Mich. Sept. 30, 2011).

Once her supplemental request is included, however, Plaintiff's requested hours actually number 50.2, inasmuch as Plaintiff claims 14.5 combined hours of attorney time spent on the reply brief. (Doc. No. 28 at 305.) The Court finds that this is excessive, as it should not have been necessary for a seasoned social security attorney to expend as much time crafting one reply brief.[5] The Court will, therefore, reduce the

---

[3]In her reply, Plaintiff identifies recent actions in the Northern District of Ohio where similar rates have been approved by the Court. (Doc. No. 28 at 302, collecting cases).

[4] Plaintiff arrives at this rate by taking the index for the first half of 2011 and dividing it by the index at the time the EAJA cap was raised, and then multiplying that number by the $125 per hour cap. While the Commissioner complains that time spent in 2010 was calculated using 2011 rates, the Court finds that this resulted in only a *de minimis* increase as little more than one hour of attorney time was billed in this case in 2010.

[5] While the Court acknowledges that the Commissioner raised several arguments in his response brief that necessitated a reply by Plaintiff, the arguments were far from novel and did not require extensive research.

9

number of hours by 8 to arrive at a reasonable fee. Thus, Plaintiff shall be entitled to attorney's fees in the amount of $7,575.32.

### b. Fees of Legal Technician

Plaintiff also seeks compensation for 5.9 hours incurred by Diane Shriver, a "Legal Technician," who billed her time at an hourly rate of $20.00. The Schedule of Services reflects that much of this time was spent reviewing communications between Plaintiff and counsel, and reviewing and docketing pleadings in this matter. (*See* Doc. No. 24-2.) The Commissioner insists that these tasks are not compensable because they are part of a firm's overhead costs. (Doc. No. 26 at 280.)

In evaluating the request for fees for Shriver's activities, the Court is mindful of the following:

> Purely clerical or secretarial tasks, that is, *non-legal* work, should not be billed—even at a paralegal rate—regardless of who performs the work. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989). For example, dictation and typing are non-compensable, as they are part of the overhead of any law office. *See Wiegand v. Sullivan*, 900 F.2d 261 (Table), 1990 WL 51387, at *1 (6th Cir. 1990) (affirming the district court's reduction of feels). However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are clerical tasks that may be considered sufficiently "legal work" to permit compensation, although any compensation would be at a lesser rate. *See Taylor Barnhart*, No. 00 c 7782, 2002 U.S. Dist. LEXIS 22684, 2002 WL 31654944 at *4 (N.D. Ill. Nov. 22, 2002). *But see Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004) (finding that retrieving documents, filing documents, serving summonses, and calendaring are non-compensable because they are properly considered overhead costs); *Barriger v. Bowen*, 673 F. Supp. 1167, 1170 (N.D.N.Y. 1987) (finding that mailing two letters and serving the Assistant United States Attorney with a copy of a summons and complaint are non-compensable because they are properly considered overhead costs).

*Rodriguez v. Astrue*, Case No. 3:11-cv-398, 2012 U.S. Dist. LEXIS 98046, at *6-*7 (N.D. Ohio July 16, 2012). In the instant matter, Shriver's activities include both legal and non-legal work. On August 24, 2010, Shriver expended 1.4 hours receiving the signed IFP, and preparing and e-filing the complaint. Plaintiff will be compensated for 1.0 hours for filing the complaint. On January 14, 2011, Shriver expended .3 hours conferring with attorneys regarding the motion for an extension of time and filing the motion. Plaintiff will be compensated .2 hours for filing the motion. The remaining entries in Shriver's schedule of services include time billed for reviewing emails, mailing copies, and "redocketing." Plaintiff will not be compensated for this time, as it appears purely clerical and secretarial in nature. In sum, Plaintiff will be compensated for 1.2 hours of Ms. Shriver's time, at the stated hourly rate of $20.00, for a total of $24.00.[6]

---

[6] Such treatment is consistent with other courts within this judicial district that have ruled on the propriety of legal and non-legal charges of Shriver. *See, e.g., English v. Comm'r of Soc. Sec.*, Case No. 1:11CV2794, 2012 U.S. Dist. LEXIS 124085, at *7-*8 (N.D. Ohio Aug. 31, 2012) (filing complaint compensable, but reviewing emails not compensable); *Rodriguez*, 2012 U.S. Dist. LEXIS 98046, at *7-*9 (filing complaint compensable, but forwarding copies, reviewing emails, and "redocketing" not compensable); *Snyder v. Comm'r Soc. Sec.*, Case No. 1:06CV2737, 2011 U.S. Dist. LEXIS 2077, at *6-*7 (N.D. Ohio Jan. 10, 2011) (clerical and secretarial tasks not compensable). Additionally, the Court observes that the Commissioner does not specifically challenge the hourly rate ($20.00) charged by Shriver.

### c. Costs

Plaintiff also seeks reimbursement for expenses in the amount of $74.50. According to the Schedule of Costs and Expenses, this figure is comprised of copying and printing electronically filed documents, calculated at $.25 per page.[7] (Doc. No. 24-3.) The Commissioner complains that these expenses are actually "costs" for which an award is not "paid from agency funds, but is instead paid 'by the Secretary of the Treasury after certification by the Attorney General.' " (Doc. No. 26 at 280-81, quoting 28 U.S.C. § 2414.).

Under § 2412(a) of the EAJA, a judgment of costs may be awarded to any prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Costs include filing fees, service fees, court reporter's fees, and fees for printing and photocopying. *See* 28 U.S.C. § 1920. In addition, costs ordinarily billed to the client, such as telephone calls, postage, courier, and attorney travel expenses, are recoverable under the EAJA. *Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988); *see, e.g., Jablonski v. Astrue*, No. 09 C 03398, 2011 U.S. Dist. LEXIS 22360, at *13-*14 (N.D. Ill. Mar. 3, 2011) (allowing copying and postage expenses); *Titus v. Astrue,* Case No. 1:08CV2093, 2009 U.S. Dist. LEXIS 113219, at

---

[7] The schedule suggests that postage costs associated with mailing copies by priority mail, at a rate of $3.95 are also included. A review of the breakdown of expenses (number of copies at $.25 per page), however, indicates that only copying costs have been sought. Nonetheless, courts have awarded postage as a reasonable expense. *See, e.g., Barnett v. Astrue*, Case No. 1:07-cv-3367, 2008 U.S. Dist. LEXIS 116367 (N.D. Ohio Dec. 9, 2008) (citing *Int'l Wooodworkers of Am., AFL-CIO v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986)); *Barber v. Astrue*, No. CIV S-00-1286, 2008 U.S. Dist. LEXIS 65199, at *16-*16 (E.D. Cal. July 8, 2008), *adopted by* 2008 U.S. Dist. LEXIS 70331 (E.D. Cal. Aug. 5, 2008); *see also Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) ("[W]e reject the government's argument that telephone, reasonable travel, postage and computerized research expenses are not compensable under the EAJA."); *but see Webb v. Bowen,* No. 84 C 1113, 1987 U.S. Dist. LEXIS 9793, at *7 (N.D. Ill. Oct. 21, 1987) (disallowing postal fees).

*15-*16 (N.D. Ohio Oct. 14, 2009) (allowing copying costs at $.25 per page), *adopted by* 2009 U.S. Dist. LEXIS 113292 (N.D. Ohio Dec. 4, 2009); *Barnett v. Astrue*, Case No. 1:07-cv-3367, 2008 U.S. Dist. LEXIS 116367, at *10 (N.D. Ohio Dec. 9, 2008) (allowing copying and postage expenses); *but see Gates v. Barnhart,* 325 F. Supp. 2d 1342, 1349 (M.D. Fla. 2002) (cost of copying a transcript disallowed as "overhead" cost).[8]

Plaintiff is entitled to reimbursement for the full amount of expenses requested.

### d. Payment Directly to Counsel

Finally, Plaintiff requests that any fee award be paid directly to her attorneys, citing a 2005 contingent fee agreement she entered into with attorney Roose. (*See* Doc. No. 24-7.) Any fees paid, however, belong to Plaintiff—not her attorney—and can be offset to satisfy preexisting debt that Plaintiff may owe to the United States in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). *See Bryant*, 578 F.3d at 448. Because the Court is unaware of whether Plaintiff owes a debt to the United States, the appropriate course is to award fees directly to Plaintiff. *See, e.g., Cornell v. Comm'r of Soc. Sec.*, Civil Action 2:11-cv-00097, 2012 U.S. Dist. LEXIS 61165, at *6 (S.D. Ohio May 2, 2012).

In addition, this type of assignment would also violate the Anti-Assignment Act, 31 U.S.C. § 3727, which requires assignments to be made after a claim

---

[8] The Commissioner also suggests that, in the age of electronic filing, there is no longer a need to copy and mail briefs, orders, and decisions. The schedule, however, specifically states that two copies were made so that one could be furnished to the Plaintiff and the second one retained in the case file. (Doc. No. 24-3 at 261.) The Court finds this explanation sufficient to justify this expenditure. *See, e.g, Titus v. Astrue*, Case No. 1:08CV2093, 2009 U.S. Dist. LEXIS 113219, at *15-*16 (N.D. Ohio Oct. 14, 2009) (rejecting similar argument offered in opposition to copying costs and approving a $.25 per page expenditure for copying).

13

is allowed, and to be attested to by two witnesses. 31 U.S.C. § 3727(a) & (b). *See Cooper v. Comm'r of Soc. Sec.*, 1:09-CV-40, 2011 U.S. Dist. LEXIS 83630, at *9-*11 (W.D. Mich. Apr. 11, 2011), *adopted by* 2011 U.S. Dist. LEXIS 84161 (W.D. Mich. July 29, 2011). Because the assignment pre-dates this Court's award of fees, and was not attested to by two witnesses, it fails to meet the requirements of § 3727. *See, e.g., Johnson v. Astrue*, Case No. 1:09CV2959, 2011 U.S. Dist. LEXIS 116391, at *12 (N.D. Ohio Oct. 7, 2011) (claimant's assignment of EAJA fees did not meet the requirements of § 3727); *Dauwe v. Astrue*, No. 10-83-ART, 2011 U.S. Dist. LEXIS 13407, at *3-*4 (E.D. Ky. Feb. 8, 2011) (same). Accordingly, Plaintiff's request for payment to be made directly to her attorneys is DENIED.

*Conclusion*

For the foregoing reasons, Plaintiff's motion is hereby GRANTED in part and DENIED in part. The Court AWARDS attorney's fees to Plaintiff in the amount of $7599.32 (42.2 hours by $179.51 and 1.2 hours by $20) and costs in the amount of $74.50.

**IT IS SO ORDERED**.

Dated: October 31, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**