UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA A. KANE, | ) | CASE NO.  1:10CV1874 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

The Court previously issued a Memorandum Opinion and Order granting, in part, the motion of plaintiff Melissa Kane ("plaintiff" or "claimant") for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Doc. No. 29). Plaintiff now seeks reconsideration of that decision to the extent that the Court determined that plaintiff's assignment of fees to her counsel violated the Anti-Assignment Act ("AAA"), 31 U.S.C. § 3727 (Doc. No. 31).

Rule 59(e) of the Federal Rules of Civil Procedure permits the filing of motions to alter or amend a court's judgment. Such a motion is not, however, an opportunity for an unhappy litigant to reargue the case, nor is it a substitute for an appeal. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Generally, three situations justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a

manifest injustice." *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (internal citations omitted). While plaintiff does not specifically identify the basis for her request, the impetus for the motion appears to be plaintiff's belief that the Court's decision represents a clear error of law.

The record reflects that, in 2005, plaintiff entered into a contingent fee agreement wherein she assigned any future award of fees to her counsel. (*See* Doc. No. 24-7.) Notwithstanding this arrangement, the Court specifically rejected plaintiff's request to have the award of fees paid directly to her counsel in accordance with the assignment. In so ruling, the Court explained that Supreme Court precedent was clear that any fee award belongs to a claimant—and not her attorney—and can be offset to satisfy a preexisting debt that a claimant might owe to the United States. (Doc. No. 29 at 319 [citing *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2524, 177 L. Ed. 2d 91 (2010), *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009)].).

The Court also observed that the 2005 assignment would violate the AAA, which requires assignments to be made after a claim against the government is allowed, and to be attested to by two witnesses. 31 U.S.C. § 3727(a) & (b). The Court concluded that the fact that the assignment pre-dated this Court's award of fees, and that it was not attested to by two witnesses, meant that it did not meet the requirements of § 3727 and was properly set aside for this additional reason. (*Id*. at 319-20 [collecting cases rejecting similar fee assignments as violating the AAA].).

Plaintiff suggests, however, that this determination runs afoul of the Sixth Circuit's decision in *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721 (6th Cir. 2012). The court in *Turner* was not tasked with the job of determining whether awards of attorney's

2

fees under the EAJA could be paid directly to the attorney. Instead, the issue in *Turner* turned on whether a claimant who secures a level-four remand has "incurred" fees under the EAJA and is, thus, entitled to an award of fees. Answering the inquiry in the affirmative, the Sixth Circuit ruled that "regardless of whether the fee award is paid directly to the litigant or is assigned to his attorney, awarding fees upon sentence-four remands does not create a windfall for litigants." 680 F.3d at 725. Importantly, the Court in *Turner* did not address whether assignments of potential EAJA fees made prior to an award violate the AAA.[1]

While *Turner* did not reach the issue of the appropriate manner of payment of fee awards, the Sixth Circuit squarely addressed the issue in *Bryant*. After observing that the EAJA distinguishes between the "prevailing party" who is entitled to receive the fee, and the attorney or expert from whom the prevailing party must submit an itemized list of expenditures and time to support a request for fees, the Court concluded that Congress "did not intend attorney fees under the EAJA to be payable directly to the party's attorney." *Bryant*, 578 F.3d at 448-49. While the court expressed its concern that such a result might discourage competent counsel from taking these cases in the future, it found that it was constrained by the clear language of the EAJA to hold that fee awards must be paid directly to the client and can be subject to administrative setoff. *Id.*

Courts interpreting *Turner* have continued to rely upon *Bryant*, and have concluded that *Turner's* passing reference to the manner in which fees are paid is dicta.

---

[1] In fact, the court in *Turner* held open the possibility that assignments of EAJA fee awards could violate the AAA. *See Turner*, 680 F.3d at 725 ("[L]itigants 'incur' fees under the EAJA when they have an express or implied legal obligation to pay over such an award to their legal representatives, *regardless of whether the court subsequently voids the assignment provision under the AAA*.") (emphasis added).

3

*See Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013) (awarding EAJA fees directly to the claimant—and not his attorney—and finding nothing in *Turner* to compel a contrary result); *Kalar v. Astrue*, Civil Action No. 10-428-JBC, 2012 WL 2873815, at *2 (E.D. Ky. July 13, 2012) (same).[2] Moreover, "[w]hile the Sixth Circuit has not directly spoken on this issue, district courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void [under the AAA]." *Cox*, 917 F. Supp. 3d at 662 (collecting cases).

Nonetheless, the Court is aware that some courts have permitted fee awards to be paid directly to counsel where it can be determined that the claimant does not owe a debt to the government that could be offset by the award. *See Oliver v. Comm'r of Soc. Sec.*, 916 F. Supp. 2d 834, 836-37 (S.D. Ohio 2013) (recognizing the practice and collecting cases)*; see, e.g., Greer v. Comm'r of Soc. Sec.*, Civil Action No. 11-10330, 2013 WL 1212882, at *3 (E.D. Mich. Feb. 28, 2003). Even if this Court were to agree with courts that have found that, in the absence of an existing debt, an assignment of future awards is acceptable under the AAA, the fact that it is unknown whether claimant owes such a debt precludes an award directly to counsel in this case. *See Oliver*, 916 F. Supp. 2d at 838; *see, e.g., Cornell v. Comm'r of Soc. Sec.*, Civil Action 2:11-cv-97, 2012 WL 1564285, at *3 (S.D. Ohio May 2, 2012) ("Because the Court is unaware of whether

---

[2] In the wake of *Turner*, courts continue to adhere to Supreme Court precedent that provides that an award of EAJA fees belongs to the claimant and not her attorney. *See, e.g., Smith v. Comm'r of Soc. Sec.*, Case No. 1:12CV1466, 2013 U.S. Dist. LEXIS 128286 (N.D. Ohio Aug. 12, 2013) (not available on Westlaw); *Key v. Colvin*, Civil Action No. 12-83-KSF, 2013 WL 3427589 (E.D. Ky. July 8, 2013) ("the plaintiff's application for an award of EAJA fees will be granted only to the extent that the fees will be awarded payable to the plaintiff"); *Lay v. Astrue*, Civil Action No. 10-346-DLB, 2012 WL 5988822 at *9 (E.D. Ky. Nov. 29, 2012) (same); *Lamb v. Astrue*, Civil Action No. 5:11-228-DCR, 2012 WL 6004144, at *2 (E.D. Ky. Nov. 30, 2012) (acknowledging *Turner*, and finding that "under the plain language of the [EAJA], the claimant is the 'prevailing party,' and not his or her attorney").

[the claimant] owes a debt to the United States, the Court finds that under *Ratliff* the proper course is to award fees directly to [the claimant] and remain silent as to the direction of those fees."), *report adopted by* 2012 WL 1940640 (S.D. Ohio May 29, 2012).

Nothing in the decision in *Turner* convinces this Court that the Sixth Circuit intended to overrule *Bryant* and its adherence to the statutory language of the EAJA that fee awards are to be paid to claimants and not their attorneys, nor would *Turner* support a finding that the assignment at issue in the present case is acceptable under the AAA.[3] Because the Court finds that the award of fees was properly made payable to the claimant, plaintiff's motion to alter or amend the Court's judgment awarding fees is DENIED.

**IT IS SO ORDERED**.

Dated: October 15, 2013

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff represents that the government has taken no issue with the assignment. This is incorrect. In its response to plaintiff's application for fees, the government questioned the assignment, noting that, "[i]n light of Ratliff, this Court should not award the fees directly to counsel." (Doc. No. 26 at 281.)